IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Jun 4, 2020

OFFICE OF THE CLERK

ROY A. DAY,
      Plaintiff

VS.

WALMART, INC.,
JOHN DOE,
      Defendants

C.A. No.     20-5101 TLB

COMPLAINT:

COMES NOW, ROY A. DAY, Plaintiff, complaining of Defendants, and for cause of action would show unto the Court the following:

## COUNT ONE

**1.** Plaintiff, ROY A. DAY (aka "cardholder") is a citizen of the United States of America and a resident of the State of Florida.

**2.** Defendant is Walmart, Inc. (hereafter, "WM") (corporate "shell game" - for the true and correct Defendant, see the **CAVEAT**, infra, in the instant paragraph, and **Nota Bene**, infra, in the instant paragraph) is a State of Arkansas Corporation, with its principal place of business in Bentonville, Arkansas (Walmart Inc., WALMART, 702 SW 8TH St., Bentonville, AR, 72716-6299 United States, TEL. (479) 273-4000, www.corporate.walmart.com), and is the "parent company" for numerous "shell-game" corporations, and "shell-game" subsidiaries, and "shell-game" affiliates, inter alia. Defendant "WM" is the "Earth's second biggest everything store" engaged in the business of retail in the various States across the United States, and the various Nations, on Planet

Earth. At all times pertinent to this Complaint, and at all times mentioned, Defendant "WM" was acting through its principal agents, and servants, and co-conspirators, and employees, whose names are not known to Plaintiff at this stage of litigation, including but not limited to, various subsidiaries and affiliates of Defendant "WM," whose names are not known to Plaintiff at this stage of litigation. Defendant "WM" was acting individually and in concert, with each and all agents, and servants, and co-conspirators, and employees, including but not limited to, various subsidiaries and affiliates of Defendant "WM." **CAVEAT**: For the purpose of the instant complaint, Defendant "WM" **refers, relates, pertains and mentions** each and all subsidiaries and affiliates, and agents, and servants ,and co-conspirators, and employees, whose names are not know to Plaintiff at this stage of litigation. **N.B. – Nota Bene**: Walmart, Inc. ("WM") plays the corporate "shell game" by creating numerous subsidiaries and affiliates which makes a determination *je ne sois quoi* to determine a Defendant that is "controlling" for the negligent conduct, infra. Plaintiff will file an amended complaint once discovery determines a different Defendant, if required by the court, even though the aforesaid "CAVEAT" and "N.B." reflect each and all "controlling" and "indispensable" Defendants.

**3.** This is an action for declaratory judgment pursuant to 28 USC 2201, for the purpose of determining a question of actual controversy between the parties as hereinafter more fully appears. The jurisdiction of this court is invoked pursuant to the United States Code reflecting citizens of different States. Further, this is a civil action brought for negligence, and for money damages to redress the injury caused to Plaintiff by the course of negligent conduct by Defendant, and Defendant's agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, and for an order declaring the acts of Defendant, and Defendant's agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, are illegal.

**4.**  Declaratory judgment is sought declaring that Defendant "WM's" "algorithm," and associated "source code," are deficient pertaining to the "transaction process" used by Defendant "WM" to "process" a "credit card" payment  with the purchase of a retail product at Walmart's store or website, with Plaintiff, inter alia – The Class, being subjected to fraudulent credit  card  charges.  Further, a declaratory  judgment  is sought  declaring Defendant "WM" has  been negligent on providing Plaintiff information on the wrongdoer (Defendant John Doe) so Plaintiff can file  criminal charges, and name the wrongdoer (Defendant John Doe) in the instant legal action.

**5.**  Plaintiff ("cardholder") obtained a  "VISA"  (No. ... 4355 – BB&T bank) card. On May 5, 2020, a CRIMINAL-ELEMENT known as Defendant John Doe **WILLFULLY, MALICIOUSLY, AND INTENTIONALLY** used Plaintiff's VISA credit card (No. ... 4355) in an attempt to buy items from Defendant "WM." Subsequently, Plaintiff received an "**Unusual Transaction Alert**" (See Exhibit "1" attached hereto and by reference incorporated herein) for a fraudulent charge of $357.01 for "alleged" groceries (See Exhibit "1" attached hereto and by reference incorporated herein). Plaintiff immediately telephoned BB&T bank and informed  them  the  aforesaid  $357.01  purchase  was  a  **WILLFUL, MALICIOUS, INTENTIONAL**, and_ fraudulent purchase. Plaintiff spoke with "Kari" at the BB&T fraud department – Tel. 877-5570506 or 800-2265228 - in West Virginia at or about 4:00 p.m. on May 5, 2020. Subsequently, Plaintiff attempted to determine information on the wrongdoer (Defendant John Doe) from Defendant "WM," but was denied the request (See Exhibit "2" attached hereto and by reference incorporated herein). At this stage of litigation, Plaintiff has no personal knowledge on the wrongdoer (Defendant John Doe) based on Defendant "WM's" negligent conduct. NOTE: If the aforesaid **WILLFUL, MALICIOUS, INTENTIONAL**, and_ fraudulent credit card charge and purchase was consummated based on a "ONLINE PURCHASE," then the **WILLFUL, MALICIOUS, INTENTIONAL**, and_ fraudulent purchase was due to "**deficient**" "**source code**," and a deficient "**algorithm**," and NO "**2FA**" (Two

Factor Authentication,) and NO "**pop-up menu**" that would ensure "**notification**" was sent to Plaintiff indicating an <u>authentication</u>" of the **WILLFUL, MALICIOUS, INTENTIONAL**, and_ fraudulent purchase was sent to a "**different name**" and "**different address**" (with Plaintiff either "**accepting**" or "**denying**" the charge based on "2FA"). On May 5, 2020, Plaintiff canceled and closed the "VISA" card (No. … 4355), and obtained a new VISA card from BB&T bank.

**6.**   Based on a **WILLFUL, MALICIOUS, AND INTENTIONAL** "ONLINE PURCHASE," if Defendant "WM" had  true and correct "*source code*," and a true and correct associated "*algorithm*," including but not limited to, "Two-Factor-Authentication" (2FA), and an "IF" clause for the <u>fraudulent address</u> used by a wrongdoer (Defendant John Doe), the **fraudulent purchase and charge would not have transpired**.  Defendant "WM" permitted Defendant John Doe to use Plaintiff's "VISA" BB&T card without proper authentication, with the overlay to send the purchased item to an "<u>address</u>" "**different**" than Plaintiff's address listed on the "VISA" BB&T card, and with a **different** name listed on the "VISA" BB&T card. If Defendant "WM" had implemented "2FA," and an "IF" clause, for the fraudulent address used by a wrongdoer, and the fraudulent name used that was not Plaintiff's name (Roy A. Day), the **WILLFUL, MALICIOUS, AND INTENTIONAL fraudulent purchase and charge** would not have transpired, and PLAINTIFF WOULD **NOT** BE FILING THE INSTANT LEGAL ACTION! Source code, and a true and correct algorithm, with an "IF" clause and a "pop-up" menu notifying the true and correct "cardholder" of a retail product that is being purchased and sent to a "different address" than what is listed on the credit card, and sent to an individual that is NOT listed on the credit card, must be verified with a "2FA" from the cardholder listed on the credit card! **NOTE**: If the purchase was an "in-store-purchase" (brick-and-mortar), then Defendant "WM" **took no action to ascertain** (by way of example but not in limitation to: a driver's license, two other identifications, including a

zip code) that the Wrongdoer (Defendant John Doe) was using a fraudulent credit card and was NOT the owner of the credit card!

**7.**   Defendant "WM," Defendant "WM's"  agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, had a <u>duty imposed upon them</u> to implement a true and correct algorithm, and associated true and correct source code, and an "IF" clause, and a "pop-up" menu, that would "**flag**" an  "address" that was different than Plaintiff's address on Plaintiff's "VISA" card (…4355), and sent to an individual (Defendant John Doe) who is NOT listed on Plaintiff's "VISA" card (…4355),  and "**require**" a "**2FA**" (Two Factor Authentication)  be sent to Plaintiff's email address  or telephone number (text), so Plaintiff could "**DENY**" the "fraudulent address" used by Defendant John Doe. Defendant "WM" has a <u>duty imposed upon them</u> that should NEVER permit a retail item to be sent to any "address" that does not "**match**" the "cardholder's" address, unless a "2FA" has been "**approved**" by the cardholder, and be sent to an individual (Defendant John Doe) who is NOT listed on the "VISA" card (…4355). Further,  Defendant "WM," Defendant "WM's" agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, had a **duty imposed upon them to answer and provide Plaintiff with detailed information** (See Exhibit "2" attached hereto and by reference incorporated herein) on the wrongdoer (Defendant John Doe) who used Plaintiff's "VISA" card (…4355) so Plaintiff could file criminal charges, and so Plaintiff could name the party in the instant case.  Defendant "WM," Defendant "WM's"  agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, refused and continued to refuse to provide Plaintiff information (See Exhibit "2" attached hereto) on Defendant John Doe (See Exhibit "2" attached hereto and by reference incorporated herein).   REPRISE: Plaintiff repeats and realleges Exhibit "2" as if Exhibit "2" was expressly stated herein.

**8.**   At all times mentioned, and for some time prior, Defendant "WM," Defendant "WM," Defendant "WM's"   agents, and servants, and co-conspirators, and employees, and

subsidiaries, and affiliates,, had, or in the exercise of due care should have had, full and complete knowledge as well trained "computer and business professionals," that a "duty was imposed" upon them to not cunningly, deceptively and misleadingly used deficient source code, and a deficient algorithm, including but not limited to, the non-use of a "2FA" to process credit cards in which a "fraudulent" cardholder was seeking to send a retail purchased item to **different** address than the address on the cardholder's' credit card, and with a different name listed on the credit card.  Defendant "WM," Defendant "WM's" agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, cunningly, deceptively and misleadingly concealed and covered-up the aforesaid deficient source code, and deficient algorithm, and associated negligent conduct, by refusing and continuing to refuse to answer Plaintiff's email-correspondence as reflected in Exhibit "2" attached hereto. In addition, Defendant "WM," Defendant "WM's" agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, had a <u>duty imposed upon them</u> "to take action" immediately, and to engage in a honest, ethical, true, and proper procedures to implement true and correct source, and a true and correct algorithm, including a "2FA" for a different address than what appears on a cardholders credit card, and a different name that is NOT listed on the credit card ("VISA"  No. …4355) with the overlay that Defendant "WM," Defendant "WM's" agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, had a duty imposed upon them "to take action" to immediately provide Plaintiff information (See Exhibit "2" attached hereto) on Defendant John Doe so criminal charges could be filed, and so Defendant John Doe could be named in the instant action.

**9.**  At all times mentioned, and for some time prior, Defendant "WM," Defendant "WM's" agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, had, or in the exercise of due care should have had, full and complete knowledge as well trained "professional computer and business managers and executives" in the

computer-retail-industry, that a "duty was imposed" upon them to take "immediate action" to honestly, ethically, truly, and properly institute true and correct source code, and a true and correct algorithm, including an "IF" clause, and a "pop-up" menu, and "2FA," that would prevent a cardholder from being subjected to a fraudulent purchase based on a "bogus address" in which a "2FA" could remedy the fraudulent process (**N.B. – Nota Bene**: No purchased product should be sent to any "**address**" that is **different** than the card holder's address, and a **different** name that is listed on the credit card, unless a "2FA" has been **approved** by the cardholder) (true and correct source code, including an "IF" clause, and "2FA," and a "pop-up" menu, and true and correct algorithm, would  prevent FIFTY PERCENT of most fraudulent purchases and charges based on "bogus" and "fraudulent addresses," and "fraudulent names" that are NOT listed on the credit card). In addition, Defendant "WM," Defendant "WM's"  agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, had, or in the exercise of due care should have had, full and complete knowledge as well trained "professional business managers and executives" in the retail-industry, that a "duty was imposed" upon them to take "immediate action" to honestly, ethically, truly, and properly  provide the information (See Exhibit "2" attached hereto) on the wrongdoer (Defendant John Doe) so the criminal conduct can be desisted and ceased **IMMEDIATELY** without **DELAY AND DELAY, AND STALLING AND STALLING**, and so Defendant John Doe can be named in the instant case.

**10.** Defendant "WM," Defendant "WM's"  agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, did willfully, and with a wanton disregard and reckless disregard for Plaintiff's rights, refused and continued to refuse to implement true and correct source code, and a true and correct algorithm, that would utilize an "IF" clause, and a "pop-up" menu, and "2FA," so no fraudulent and **bogus address** could be used pertaining to a credit card holder, and no bogus and fraudulent name could be used that is NOT listed on the credit card.  Further, Defendant "WM," Defendant "WM's"  agents,

and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, refused and continued to refuse to properly hire, train, teach, instruct and promote "managers" and "cubicle-bureaucratic-corporate-..." and "programmers" who were honest, ethical, competent and qualified, and not deficient, and who knew how to honestly, ethically, properly, truly and correctly handle an algorithm, and source code, and an "IF" clause, and a "pop-up" menu, and associated "2FA," for cardholders so a cardholder would not be subjected to a fraudulent charge and purchase with the item being sent to a bogus and fraudulent address, and a bogus and fraudulent name NOT listed on the credit card. Further, Defendant "WM," Defendant "WM's" agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, did willfully, and with wanton disregard and reckless disregard for Plaintiff's rights, refused and continued to refuse to properly train, teach and instruct "managers" and "on-line personnel," and "programmers," on running an honest, ethical and legal retail-computer company, without using a "PREMEDITATED AND PREARRANGED," and cunning, deceptive, misleading and fraudulent "procedures" pertaining to "source code" and "algorithms," solely for the purpose to take undue advantage of Plaintiff, and others similarly situated, including but not limited to, the implementation of an "IF" clause, and a "pop-up" menu, and "2FA." In addition, Defendant "Wm," Defendant "WM's" agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, did willfully, and with wanton disregard and reckless disregard for Plaintiff's rights, refused and continued to refuse to properly train, teach and instruct "managers" and "on-line personnel," on running an honest, ethical and legal retail-online company, without using a "PREMEDITATED AND PREARRANGED," and cunning, deceptive, misleading and fraudulent "procedures" pertaining the request for information (See Exhibit "2" attached hereto) on wrongdoers (Defendant John Doe) so TIMELY criminal charges could be filed, and so the said CRIMINAL CONDUCT could ceased

and desisted **IMMEDIATELY**, AND NOT <u>DELAYED AND DELAYED AND DELAYED</u>. The criminal wins, NOT the victim!

**11.**  Such a course was a breach of duty of care by Defendant "WM," Defendant "WM's" agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, since said Defendant "WM," Defendant "WM's"  agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, had a special duty of care imposed upon them as "professional business personnel," since the facts indicate that each and all Defendant "WM," Defendant "WM's"  agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, conspired to carry-out the "PREMEDITATED AND PREARRANGED" scheme and plan against Plaintiff (and future "CLASS") and to unjustly enrich Defendant by taking undue advantage of Plaintiff, and others similarly situated, by denying Plaintiff a true and correct algorithm, and true and correct source code, to implement and an "IF" clause, and a "pop-up" menu, and "2FA," on bogus and fraudulent addresses, and bogus and fraudulent names NOT listed on the credit card, and to subsequently, deny Plaintiff the information on the wrongdoer (Defendant John Doe) so **TIMELY** criminal charges could be filed, and so Defendant John Doe could be named in the instant case (See Exhibit "2" attached hereto and by reference incorporated herein).

**12.**  With full knowledge of the existence of the above facts, Defendant "WM," Defendant "WM's"  agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, refused and continued to refuse to honor Plaintiff's rights, when in fact, Plaintiff was subjected to a "PREMEDITATED AND PREARRANGED" CUNNING, MISLEADING AND DECEPTIVE "policy" to conceal and cover-up the true and correct source code, and the associated algorithm, including an "IF" clause, and a "pop-up" menu, and "2FA,"  in a TIMELY manner, solely for the purpose to take undue advantage of Plaintiff, and others similarly situated, and unjustly enrich Defendant, and needlessly and unnecessarily cost Plaintiff <u>time and money to document, and investigate (email, text, phone calls, etc. – the</u>

list is long - interrupted Plaintiff's daily life schedule, and social life, and business life) the fraudulent use of Plaintiff's " VISA" card (...4355),  and "babysit" Defendant "WM," and BB&T bank (Plaintiff's customer fee of $1,200/hour for programming: "R" computer language, Python computer language, C++ computer language, LISP computer language, legacy computer languages COBOL and FORTRAN, inter alia), and deny Plaintiff a true and correct response for a request for information (See Exhibit "2" attached hereto) on the wrongdoer (Defendant John Doe) so criminal charges could be filed, and the wrongdoer could be named in the instant action. Further, with full knowledge of the existence of the above facts, Defendant "WM" refused and continued to refuse to operate a retail company that was honest, ethical and legal. **NOTE**: In the event the fraudulent purchase of $357.01 on Plaintiff's VISA card (No. ...4355) was an "in-store" (brick-and-mortar) purchase, Defendant "WM" had duty imposed upon them to seek "authentication" and "verification" that the Defendant John Doe was the actual owner of the "VISA card (No. ...4355) with various forms of identification, including but not limited to, driver's licensed, zip code, etc. Accordingly, such a course was a breach of duty of care by Defendant "WM," Defendant "WM's"  agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, since said Defendant "WM," Defendant "WM's"  agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, had a special duty of care imposed upon them as "professional business personnel," to "authenticate" and "verify" that Defendant John Doe was the actual owner of "VISA" card (No. ...4355). **CAVEAT**: Once Plaintiff obtains the information in EXHIBIT "2," Plaintiff will file an Amended Complaint and/or a Supplemental Complaint, based on the information obtained from Defendant WM." At this stage of litigation, Plaintiff has NO information on Defendant John Doe since Defendant "WM" refused to provide the information!

**13.** That by virtue of the willful, intentional, wanton, reckless, malicious, gross "negligent" conduct of Defendant WM, as aforesaid, and as a proximate result thereof, Plaintiff has been damaged in the SUM CERTAIN of Eighty Thousand Dollars ($80,000.00).

**14.** As a further proximate result of Defendant's gross negligent conduct throughout the occurrences described above in paragraphs "5" through "12," and as a direct and proximate result of Defendants' willful, intentional, wanton, reckless and malicious actions, individually and in concert, Plaintiff has suffered great mental pain and suffering with fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping and his social life destroyed in the SUM of One Hundred Thousand Dollars ($100,000.00), and will continue to suffer.

**15.** That said gross negligence was done to conceal and cover-up Defendant's course of illegal conduct against Plaintiff. The wrong done by Defendant, individually and concert, was aggravated by that kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff shows that an award of substantial exemplary damages would serve not only to deter Defendant  and Defendant WM's" agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates,  from engaging in the aforesaid course of illegal conduct, but it would also serve as a warning or deterrent to others similarly situated. Accordingly, Plaintiff sues for exemplary damages in the SUM of Three Hundred Thousand Dollars ($300,000.00).

**16.** Due to the aforesaid facts, supra, no other adequate remedy exists at law for redress of the course of illegal conduct by Defendant against Plaintiff, and others similarly situated, which continue to occur and will occur in the future, unless this court permits Plaintiff, and those similarly situated, to have immediate "ACCESS" to this Court, to obtain relief from Defendant, to cease and desist Defendant's "PREMEDITATED AND PREARRANGED" "CUNNING, DECEPTIVE AND MISLEADING PROCEDURES."

**17.** Plaintiff is entitled to a declaratory judgment declaring the acts of Defendant "WM," including but not limited to, Defendant "WM's" agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates," have implemented deficient source code and an associated algorithm, that does not incorporate an "IF" clause, and a "pop-up" menu, and 2FA," so Plaintiff, and other cardholders, are not subjected to fraudulent purchases and charges with a wrongdoer using a bogus and fraudulent address that is different than the address for a cardholder, and a bogus and fraudulent name NOT listed on the credit card. Further, declare that Plaintiff is entitled to each and all information on Defendant John Doe (wrongdoer) so criminal charges can be brought IMMEDIATELY, and so the true and correct name can be placed on the instant action.

_"LACONIC" ATTORNEY WORK-PRODUCT, AND "LACONIC' DISCOVERY' AT THIS STAGE OF LITIGATION_: Since Plaintiff is not represented by a licensed attorney, it is controlling and essential that the following facts for damages appear on the face of the record at this stage of litigation.

THE TIME AND MONEY SPENT BY PLAINTIFF TO OBTAIN THE INFORMATION ON THE CRIMINAL-ELEMENT ("DEFENDANT JOHN DOE"), AND ON THE REQUEST FOR INFORMATION FROM DEFENDANT "WM," WITH THE OVERLAY THAT PLAINTIFF HAD TO GO TO FEDERAL COURT TO OBTAIN THE INFORMATION ON THE "CRIMINAL" JOHN DOE, HAS NEEDLESSLY AND UNNECESSARILY COST PLAINTIFF TIME AND MONEY. PLAINTIFF'S EXPERT WITNESSES WILL PROVIDE THE COST AND EXPENSE IN

REFERENCE TO PLAINTIFF BEING REQUIRED TO PAMPER AND CATER DEFENDANTS TO EXPOSE THE ILLEGAL CONDUCT AND TO OBTAIN THE "DATA" FROM DEFENDANT "WM."  Plaintiff's customary fee is $1200.00/hour for specific consulting  (this amount is based on sixteen plus years of education, including four areas of expertise: science-computer-chemistry, healthcare, legal, business). Plaintiff's damages also include, but not limited to, gasoline, food, etc. NOTE: DISCOVERY WILL PROVIDE THIS EVIDENCE.


WHEREFORE, PREMISES CONSIDERED, Plaintiff, request that the following relief be granted:

a. Declare the actions of Defendants "WM,"  and Defendant "WM's" agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, have engaged in gross negligent conduct by implementing deficient source code, and an associated algorithm, that does not incorporate an "IF" clause, and a "pop-up" menu, and 2FA," so Plaintiff, and other cardholders, are not subjected to fraudulent purchases and charges with a wrongdoer using a bogus and fraudulent address that is different than the address for a cardholder, and a bogus and fraudulent name NOT listed on the credit card. Further, declare that Plaintiff is entitled to each and all information (See Exhibit "2" attached hereto) on Defendant John Doe (wrongdoer) so criminal charges can be brought **IMMEDIATELY**, and so the true and correct name can be placed on the instant action (Amended Complaint).In the alternative for "brick-and-mortar" store: Defendant "WM" has engaged in gross negligence by not properly authenticating and verifying the Defendant John Doe was not the owner of the VISA card (No. ... 4355).

a. Granting Plaintiff judgment against Defendant for compensatory damages in the amount of Eighty Thousand Dollars ($80,000.00) with interest at the lawful rate until paid; that Plaintiff have and recover on that judgment at the rate of twenty percent (20%) per annum until paid.

b.  Granting Plaintiff judgment against Defendant pursuant to mental pain and suffering damages, in the SUM of One Hundred Thousand Dollars ($100,000.00); with interest at the lawful rate until judgment; that Plaintiff have and recover interest on that judgment at the rate of twenty percent (20%) per annum until paid.

c.  Granting Plaintiff judgment against Defendant for exemplary damages in the amount of Three Hundred Thousand Dollars ($300,000.00); that Plaintiff have and recover interest on that judgment at the rate of twenty percent (20%) per annum until paid.

d.  Declare that Defendant has engaged in gross negligent conduct against Plaintiff, and Defendant is to cease and desist the "PREMEDITATED AND PREARRANGED" "CUNNING, DECEPTIVE AND MISLEADING," policy to conceal and cover-up the scams being orchestrated on Defendant "WM's" website pertaining to retail purchases using a credit card in which the cardholder's address is different than the "shipping address" with the scam being consummated using deficient "source code," and deficient algorithm, including no "IF" clause, or "pop-up" menu, and "2FA,"  and are to dismantle each and all "cunning, deceptive, misleading algorithms" pertaining to a retail purchase in which the cardholder's address on the credit card is different than the shipping address, and the shipping name is different than the name listed on the credit card, UNLESS "2FA" APPROVES THE ADDRESS, AND NAME; declare that Plaintiff was subjected to gross negligent conduct by Defendant pertaining to refusal and continued refusal to provide information (See Exhibit "2" attached hereto) on the wrongdoer (Defendant John Doe) so criminal charges could be filed IMMEDIATELY and so the criminal enterprise could be ceased and desisted IMMEDIATELY; declare that Defendant "WM," and Defendant WM's"  agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates engaged in negligent conduct by refusing to implement the true and correct source code, and algorithm, for credit card purchases, and such a course of conduct has generated unnecessary and needless time, and expenses, and cost, and fees, for Plaintiff as result of Defendant's

negligent conduct against Plaintiff, including but not limited to, the denial of a true and correct algorithm, and true and correct source code, for credit card purchases, with Plaintiff incurring a loss of time and money to "babysit," "pamper," and "cater" Defendant "WM" to document and investigate the fraudulent use of Plaintiff's "VISA" card (No. ... 4355),  with the overlay that Plaintiff loss the use and enjoyment of the Plaintiff's life during this period of negligent conduct, and the right to a true and correct logarithm, and true and correct source code, and a TIMELY response to the wrongdoer's (Defendant John Doe) information (See Exhibit "2" attached hereto). In the alternative (Amended Complaint, possibly) (pertaining to "in-store" purchase – "brick-and-mortar"): Declare that Defendant has engaged in gross negligent conduct against Plaintiff by refusing and continue to refuse to properly "authenticate," and "verify" Defendant John Doe as the true and correct owner of VISA card (No. ... 4355), including driver's license, zip, etc.

e. Awarding Plaintiff cost and reasonable attorneys' fees, and in the event of appeal to the United States Court of Appeals, and the Supreme Court of the United States, Plaintiff have and recover additional attorneys' fees and reasonable cost and expense of that action.

f. Granting the Plaintiff such other and further relief as may be just.

**CAVEAT**: Plaintiff reserves the right to file a  "**CLASS ACTION**" lawsuit pertaining to the millions of citizens that have had their credit cards compromised based on Defendant "WM's" negligent conduct pertaining to a bogus address scam, and bogus name NOT listed on the credit card, and a NO "IF" clause, and "pop-up" menu, as  associated with a "2FA" (Two Factor Authentication) process, or, in the alternative, proper authentication and verification of the owner of a credit card with a driver's license, zip code, etc..

**<u>COUNT TWO</u>**:

**18.** Plaintiff repeats and realleges paragraphs "1", and "5" and "6,"  as if the aforesaid paragraphs were expressly stated herein.

**19.** Defendant John Doe (hereafter, Defendant "JD"),  is an unknown Defendant at this stage of litigation, since Defendant "WM" refused and continued to refuse to provide information on the individual who engaged in the fraudulent use of Plaintiff's credit card ("VISA" – No. … 4355)  on Defendant WM's" website, or as a "in-store" purchase.

**20.** This is a civil action brought for fraud, and libel and slander, and for money damages to redress the injury caused to Plaintiff by the course of fraudulent conduct by Defendant, and for an order declaring the acts of Defendant as illegal.

**21.** The willful, intentional, wanton, malicious, <u>cunning, misleading, and deceptive</u> (fraud: "underlined") conduct of Defendant "JD," and Defendant "JD's' co-conspirators, and/or, agents and/or servants, to **WILLFULLY, MALICIOUSLY, AND INTENTIONALLY**, and <u>cunningly, misleadingly and deceptively</u> (fraud) use Plaintiff's  "VISA" card (No. … 4355) (hereafter, credit card) on Defendant "WM's" retail website, and/or "in-store" purchase,  to purchase "alleged" groceries sent to a "bogus" and "fraudulent address," and use a **bogus** and fraudulent name **NOT** listed on Plaintiff's credit card, and to subsequently orchestrate a MAJOR COVER-UP to attempt to conceal the   **WILLFULLY, MALICIOUSLY, AND INTENTIONALLY,** <u>and cunning, misleading, and deceptive conduct</u> (fraud),   with the

overlay to libel and slander Plaintiff at various "Credit Bureaus" to present Plaintiff in a false light to the public, has subjected Plaintiff to fraud of the first order, an libel and slander.

**22.** That at all times herein mentioned, Plaintiff enjoyed the esteem, respect, and confidence of his friends, neighbors, fellow citizens and business associates, and Plaintiff was largely dependent on his good name and reputation so Plaintiff can live a normal life.

**23.** Defendant "JD," and Defendant "JD's" agents, or servants, or or co-conspirators, pursuant to the **WILLFUL, MALICIOUS, AND INTENTIONAL**, and fraudulent purchase on Defendant "WM's" website, and/or "in-store" purchase, orchestrated a campaign to file a "misleading, cunning and deceptive" information pertaining to Plaintiff's "VISA" card (No. ... 4355) on Defendant "WM's" website, or "in-store" purchase, on the purchase of "alleged" groceries using a bogus and fraudulent address, and a bogus and fraudulent name NOT listed on Plaintiff's credit card, placed Plaintiff in a false light to the public and Credit Bureaus (See Exhibit "1" attached hereto and by reference incorporated herein).

**24.** As a result of Defendant "JD," and  Defendant "JD's" agents, or servants, or or co-conspirators, **WILLFULLY, MALICIOUSLY, AND INTENTIONALLY,**" and cunning, deceptive and misleading" conduct, supra, pertaining to the fraudulent credit card purchase on Defendant "WM's" website, and/or "in-store" purchase, the "credit card statement" contained no true and correct information on Plaintiff (see Exhibit "1" attached hereto), except that Plaintiff's name was reasonably correct.  Plaintiff has been presented to the public in a "false light" to the public. The aforesaid credit card statement was filed, as orchestrated by Defendant "JD," to destroy Plaintiff's esteem, respect, and confidence of his friends, neighbors, fellow citizens and business associates. Defendant "JD,"  Defendant "JD's" agents, or servants, or or co-conspirators, **willfully, intentionally, maliciously, wantonly and fraudulently** used Plaintiff's "VISA" card (No. ... 4355)  at Defendant "WM's" website, and/or "in-store" purchase,  generating a fraudulent credit card statement, all of

which was meant to convey, and did convey to the readers thereof and to the persons to whom and among whom would read the fraudulent credit card statement, that Plaintiff herein was a bad person, and not an honest, ethical and law abiding citizen, with the overlay to destroy Plaintiff's relationships with friends, neighbors, fellow citizens and business associates, and engage in character assassination against Plaintiff. The aforesaid fraudulent credit purchase, and subsequent generated credit card statement, and circulated material, against Plaintiff roused suspicion and shattered confidence in Plaintiff's friends, neighbors, fellow citizens and business associates.

**25.** That said published and circulated material was done, **willfully, intentionally, wantonly, maliciously and fraudulently**, without probable cause for belief of the truth of the matter therein stated, and without each and all true and correct research and documentation. Further, Defendants "JD," and Defendant "JD's" agents, or servants, or or co-conspirators, pursuant to a "PREARRANGED AND PREMEDITATED" agreement, had conspired to have Plaintiff's good name presented in a false light to the general public.

**26.** That said filed credit card statement circulated material against Plaintiff was an attempt by Defendant "JD," and Defendant "JD's" agents, or servants, or or co-conspirators, to hold Plaintiff to contempt and ridicule and reflect on Plaintiff's honesty and integrity, and said material was filed and circulated for the purpose of, and had the effect of, bringing into question Plaintiff's honesty and integrity.

**27.** That said material did lead those who read the said material to whom it was published to question Plaintiff's honesty, integrity and honor, and was circulated to and did hold up Plaintiff to public contempt and ridicule; that said material was subject to such construction by the ordinary reader, and that the said material was so construed.

**28.** That by virtue of the **willful, malicious, intentional, wanton, and "fraudulent"** conduct, and libel and slander, by Defendant "JD," and Defendants "JD's" agents, or servants, or co-conspirators, as aforesaid, specifically, to cunningly, misleadingly and

deceptively orchestrate a scam against Plaintiff in an attempt to conceal and cover-up that Defendant "JD" used Plaintiff's "VISA" card (No. … 4355) to make a fraudulent purchase, with the overlay that the vicious, libelous, and slanderous use of Plaintiff's "VISA" card (No. … 4355)  was sent to Credit Bureaus, inter alia, to present Plaintiff in a false light to the public, as a proximate result thereof, Plaintiff has been damaged in the SUM CERTAIN of Two Hundred Thousand Dollars ($200,000.00).

**29.** As a further proximate result of Defendant "JD's" **WILLFUL, MALICIOUS, AND INTENTIONAL**, and fraudulent conduct, and libelous and slanderous conduct, including false and defamatory charges and insinuations, throughout the occurrences described above in paragraphs "20" through "27," and as a direct and proximate result of Defendant "JD's" **willful, intentional, wanton and malicious actions**, individually and in concert, Plaintiff has suffered great mental pain and suffering with fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping and his social life destroyed in the SUM of Four Hundred Thousand Dollars  ($400,000.00), and will continue to suffer.

**30.** That said fraudulent conduct was done to conceal and cover-up Defendant "JD," and Defendant "JD's" agents, or servants, or or co-conspirators, course of illegal conduct against Plaintiff to subject Plaintiff to an orchestrated scam to the fraudulent use Plaintiff's "VISA" card (No. … 4355),  with the overlay to libel and slander Plaintiff. The wrong done by Defendant "JD," and Defendant "JD's" agents, or servants, or or co-conspirators, individually and in concert, was aggravated by that kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff shows that an award of substantial exemplary damages would serve not only to deter Defendant "JD," and Defendant "JD's" agents, or servants, or or co-conspirators, from engaging in the aforesaid course of illegal conduct, but it would also serve as a warning or deterrent to others similarly situated. Accordingly, Plaintiff sues for exemplary damages in the SUM of Five Hundred Thousand Dollars ($500,000.00).

**31.** Due to the aforesaid facts in the instant COUNT, supra, <u>no other adequate peaceful remedy</u> exists at law for redress of the course of illegal conduct by Defendant "JD," and Defendant "JD's" agents, or servants, or or co-conspirators, against Plaintiff, and others similarly situated, which continue to occur and will occur in the future, unless this court permits Plaintiff to have <u>immediate</u> "ACCESS" to this Court, to obtain relief from Defendant "JD," and Defendant "JD's" agents, or servants, or or co-conspirators, by enjoining Defendant "JD," and Defendant "JD's" agents, or servants, or or co-conspirators, to cease and desist the "<u>PREMEDITATED AND PREARRANGED</u>" scheme to subject Plaintiff to fraud of the first order pertaining to the use of Plaintiff's "VISA" card (No. … 4355), and subject Plaintiff to vicious, libelous, and slanderous credit card statements.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, demands that the following relief be granted:

<u>g.</u> Granting Plaintiff judgment against Defendant "JD" for compensatory damages in the amount of Two Hundred Thousand Dollars, ($200,000.00), with interest at the lawful rate; that Plaintiff have and recover on that judgment at the rate of twenty percent (20%) per annum until paid.

<u>h.</u> Granting Plaintiff judgment against Defendants, and each of them, jointly and severally, pursuant to mental pain and suffering damages, in the SUM of Four Hundred Thousand Dollars ($400,000.00); with interest at the lawful rate, until judgment; that Plaintiff have and recover interest on that judgment at the rate of twenty percent (20%) per annum until paid.

<u>i.</u> Granting Plaintiff judgment against Defendants, and each of them, jointly and severally, for exemplary damages in the amount of Five Hundred Thousand Dollars ($500,000.00); that Plaintiff have and recover interest on that judgment at the rate of twenty percent (20%) per annum until paid.

<u>j.</u> Declare that Defendant "JD," and Defendant "JD's" agents, or servants, or or co-

conspirators, have engaged in FRAUD OF THE FIRST ORDER against Plaintiff by **willfully, intentionally, wantonly and maliciously** subjecting Plaintiff to an cunning, misleading, and deceptive credit card charge on Defendant "WM's" website, with the overlay to subject Plaintiff to vicious, libelous, and slanderous conduct by presenting Plaintiff in a false light to the public.

k.  Awarding Plaintiff cost and reasonable attorneys' fees, and in the event of appeal to the United States Court of Appeals and the Supreme Court of the United States, Plaintiff have and recover additional attorneys' fees and reasonable cost and expense of that action.

l.  Granting Plaintiff such other and further relief as may be just.

====================================================================

ATTORNEY WORK PRODUCT: It is not proper to include case law in a complaint, but since Plaintiff is not represented by a licensed attorney, the following case law and facts are "controlling" and "essential" for the instant complaint so venue and subject matter jurisdiction is properly before this court.

The following case law is "by way of example but not in limitation to" **(*pursuant to judicial economy, and for an expedited ruling,with the law being well settled, this court can extrapolate the law to the Eighth Circuit*)**.

In Re American Community Services, Inc., 86 BR 681 (DC Utah 1988), the Court held:

"Bankruptcy Court has no authority to conduct jury trial in noncore proceeding and it is therefore appropriate to withdraw reference of this proceeding pursuant to 28 USC 157(d) and provide defendant jury trial before District Court, where Chapter 11 debtor seeks legal remedy of damages from defendant's alleged repudiation of contract, defendant is entitled to jury trial under Seventh Amendment, and defendant has not consented to having Bankruptcy Judge enter final judgment regarding adversary proceeding."

In <u>Coen v Zick</u>, 458 F2d 326 (CA9 Ariz 1972), the Court held:

> "Both compensatory and punitive damages may be awarded by the jury for **willful and malicious injuries, and where it is clear from the record that compensatory damages were awarded for willful and malicious acts,** that award is not dischargeable in bankruptcy, and neither is the award for punitive damages."

In Re <u>Adams</u>, 761 F2d 1422 (CA cal 1985) 13 BCD 346, 12 CBC2d 1220, CCH

Bankr L Rptr Section 70576, 768 F2d 1155, 13 BCD 552, 13 CBC2d 520, CCH Bankr L

Section 70648, the Court held:

> "Both compensatory and punitive damages are subject to findings of nondischargeability pursuant to 11 USC 5239a)(6) and (9)."

In <u>Bell v. Preferred Life Assur. Soc.</u>, 320 US 238, 88 LEd 15, 64 SCt 5, the Court

held:

> "In passing on amount claimed by Plaintiff for purpose of determining whether jurisdictional amount is in controversy, **bona fide claims for exemplary or punitive damages may be considered".**

In <u>Wood v. Stark Tri-County Bldg. Trades Council</u>, 473 F2d 272 (CA6 1973) the

Court held:

> **"Punitive as well as compensatory damages by Plaintiff are to be considered in determining whether requiste jurisdictional amount** is actually in controversy."

In <u>Broglie v. MacKay-Smith</u>, 541 F2d 453, 20 UCCRS 114 (CA 4 Va 1976), the

court held:

> **"Damages which plaintiff will accrue in future are properly counted**

against jurisdiction amount if right to future payments will be adjudged in present suit."

In <u>Bell v. Preferred Life Assur. Soc.</u>, 320 U.S. 238, 88 Led 15, 64 SCt 5 (1943),

the court held:

"Where both actual and punitive damages are recoverable under complaint, **each must be considered to extent claimed in determining jurisdictional amount.**"

In <u>Wood v. Stark Tri-County Bldg. Trades Council</u>, 473 F2d 272 (CA 6 Ohio

1973), the court held:

"**Punitive as well as compensatory damages claimed by plaintiff are to be considered in determining whether requisite jurisdictional amount** is actually in controversy."

Pursuant to the instant Complaint, and **COUNT TWO**, and "criminal" Defendant John Doe, and the associated "crime syndicate," with **criminal conduct** being "**WILLFUL, MALICIOUS, and INTENTIONAL**," Appellant could pick a bad jury, and Appellant would have a "run-away jury" in Appellant's favor, and the court will need to pull the jury back-in, with the jury awarding Appellant the punitive damages as requested, and the emotional distress damages, as requested (Appellant is actually going to request a **MILLION DOLLARS** in punitive damages for **COUNT TWO** from the jury since the criminal conduct and theft were "**WILLFUL, MALICIOUS, and INTENTIONAL**"). <u>IT IS SELF-EVIDENT THAT APPELLANT'S CLAIMS FOR DAMAGES ARE "**BONA FIDE**" BASED ON THE **WILLFUL, MALICIOUS, AND INTENTIONAL** CRIMINAL CONDUCT</u>! As reflected in the aforesaid case law, the jurisdictional amount for punitive damages is a "determining jurisdictional amount," as well as the emotional distress damages, with the overlay the criminal conduct was "**WILLFUL, MALICIOUS, and INTENTIONAL**." The damages are "bona fide." Further, with the "deficient" source code being orchestrated by Defendant "WM," <u>with the overlay that millions of citizens are having a credit card subjected to theft</u>, Plaintiff would clearly be entitled to the punitive damages in COUNT ONE, since the "**award of substantial**

**exemplary damages would serve not only to deter Defendant "WM" and Defendant "WM's" agents, and servants, and co-conspirators, and employees, and subsidiaries, and affiliates, from engaging in the aforesaid course of illegal conduct, but it would also serve as a warning or deterrent to others similarly situated**" <u>IT IS SELF-EVIDENT THAT APPELLANT' COMPLAINT HAS SUBJECT MATTER JURISDICTIONAL BASED ON THE AFORESAID "LAW," AND THE ASSOCIATED "DETERMINING JURISDICTIONAL AMOUNT.</u>"

     **REPRISE**: The U.S. Supreme Court has addressed the issue on jurisdictional amount in the <u>Bell</u> case, supra, but because Appellant is not represented by a licensed attorney, will this court deny the law exist!

     In <u>Bell v. Preferred Life Assur. Soc.</u>, 320 US 238, 88 LEd 15, 64 SCt 5, the Court held:

> "In passing on amount claimed by Plaintiff for purpose of determining whether jurisdictional amount is in controversy, bona fide claims for exemplary or punitive damages may be considered."

     The **CRIMINAL JOHN DOE WILLFULLY, MALICIOUSLY, AND INTENTIONALLY** engaged in theft of Appellant's credit card information, and subsequently, **CRIMINAL JOHN DOE WILLFULLY, MALICIOUSLY, AND INTENTIONALLY** made a fraudulent purchase on Defendant "WM's" website, and/or an "in-store" purchase. Appellant's punitive damages are properly before the court as bona fide in determining jurisdictional amount as enumerated in the above-cited <u>Bell</u> case. It is self-evident that Appellant's Complaint shows an amount in controversy in excess of $75,000.00, when in fact, Appellant is requesting the ladies and gentlemen of the jury for <u>MILLIONS OF DOLLARS</u> IN DAMAGES based on the **WILLFUL, MALICIOUS, AND INTENTIONAL CRIMINAL CONDUCT**! Will this this court admit the aforesaid U.S. Supreme Court

"<u>Bell</u>" law exist since there is not a licensed attorney representing Appellant? (The aforesaid is NOT a "Rhetorical Question.")

It is self-evident that Appellant's Complaint shows an amount in controversy in excess of $75,000.00." The U. S. Constitution says this court must follow the U.S. Supreme Court law!

**<u>The following case law speaks for itself</u>**!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!

In <u>Cook v. Moffat & Curtis</u>, 46 US 295, 21 LEd 159 (1847),

the Court held:

"Constitution of the United States is supreme law of land, and binds every forum, whether it derives its authority from states or from United States."

Article VI, Clause 3 of the Constitution of the United

States, states:

The Senators and Representatives before mentioned, and the Members of the several State legislatures, and all executive and **judicial Officers**, both of the **United States** and of the several States, shall be bound by Oath or Affirmation, ever be required as a Qualification to any office or public Trust under the United States."

In <u>Kattleman v. Maidden</u>, 88 F2d 858 (**<u>8th Cir 1937</u>**),

the Court held:

"**Court of Appeal is bound to follow decision of Supreme Court.**"

Will this … court follow the <u>Bell</u> case?

Title 28 U.S. Code § 1391 (Venue), states:

"…

(b)Venue in General.—A civil action may be brought in—

(1)a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

It is self-evident that Appellant's Complaint has proper venue based on citizens of different States.

=====================================================

With VENUE proper, and SUBJECT MATTER JURISDICTION PROPER, this court has a clear right to entertain the declaratory relief in COUNT TWO, and in COUNT ONE!

=====================================================

### REQUEST FOR A TRIAL BY JURY:

**32.** Plaintiff  Roy A. Day in the above-entitled and numbered matter demands a trial by jury of all issues so triable in said matter on the grounds that it is entitled to such trial by virtue of having complied with all requisites of the Federal Rules of Civil Procedures, and there exists in this case an adequate and complete remedy at law.

Respectfully submitted,

/s/ Roy A. Day

Roy A. Day
P.O. Box 33
Tarpon Springs, Florida
USA          34688-0033

CONTACT INFORMATION:

ROY A. DAY
P.O. BOX 33
TARPON SPRINGS, FLORIDA
USA                 34688-0033
-------------------------------------------------------------------------------------------------
**VOICE**: (PRIMARY: 727-6428636)
-------------------------------------------------------------------------------------------------
FAX, and VOICE: 206-4951708
-------------------------------------------------------------------------------------------------
MOBILE DEVICE– TEXT MESSAGE (NO EMAIL TEXT MESSAGE): 727-6428636
--------------------------------------------------------------------------------------------------
-

**EMAIL ADDRESS and MOBILE Pocket PC address**:   royaday@hotmail.com
-------------------------------------------------------------------------------------------------

**<u>INDEX – EXHIBITS</u>**:

EXHIBIT "1": "BB&T's" email on "Unusual Transaction"

EXHIBIT "2": Email sent to Defendant "WM" on request for information

**<u>CAVEAT – REPRISE – SEE PARAGRAPH "2," SUPRA</u>**: FOR THE PURPOSE OF THE INSTANT COMPLAINT, WHEN THE DEFENDANT WALMART, INC. (HEREAFTER, "WM") IS REFERENCED IN THE INSTANT COMPLAINT, IT <u>REFERS, RELATES, PERTAINS, AND MENTIONS</u> "<u>AGENTS, AND SERVANTS, AND CO-CONSPIRATORS, AND EMPLOYEES, AND SUBSIDIARIES, AND AFFILIATES</u>."