IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROY A. DAY                                                                                          PLAINTIFF

V.                                        CASE NO. 5:20-CV-05101

WAL-MART, INC.; and
JOHN DOE                                                                                        DEFENDANTS

OPINION AND ORDER

Roy A. Day has filed this lawsuit under the diversity of citizenship statute, 28 U.S.C. § 1332.[1] He proceeds *pro se* and has sought leave to proceed *in forma pauperis* ("IFP"). The case is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).

I. BACKGROUND

According to the allegations of the Complaint and attachments thereto, on May 5, 2020, Day received a notice of an unusual transaction on his BB&T Visa debit card. (Doc. 1-1). The unusual transaction was a charge in the amount of $357.01 from a Wal-Mart grocery store. The notice contained no further information and did not indicate if the transaction occurred over the Internet or was made in person at a store. Day was asked to verify the purchase. He claims he did not verify it and instead cancelled the debit card and was issued a new one with a different number.

On May 7, 2020, Day sent an e-mail to Wal-Mart's security and fraud department.

---

[1] Day also states this is an action for declaratory judgment under 28 U.S.C. § 2201. The Declaratory Judgment Act is procedural only and does not provide an independent basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

1

He indicated that he would be filing a civil complaint and criminal charges against the person who used his debit card information. He asked Wal-Mart for the name of the John Doe "wrongdoer" and other information regarding the transaction, including the address of the Wal-Mart store if the purchase attempt had been made at a brick-and-mortar store. According to Day, Wal-Mart did not provide the information he requested.

Day contends that Wal-Mart was negligent in that its "'algorithm' and associated 'source code' are deficient pertaining to the 'transaction process' used by Defendant 'WM' to 'process' a 'credit card' payment with the purchase of a retail product at Walmart's store or website." (Doc. 1, p. 3). Day maintains that Wal-Mart had a duty "to implement true and correct source code, and a true and correct algorithm, that would utilize an 'IF' clause, and a 'pop-up' menu, and [two-factor authentication] so no fraudulent and **bogus address** could be used pertaining to a credit card holder, and no bogus and fraudulent name could be used that is NOT listed on the credit card." *Id.* at p. 7 (emphasis in original).

Day further claims that "'WM has been negligent [in] providing Plaintiff information on the wrongdoer (Defendant John Doe) so Plaintiff can file criminal charges, and name the wrongdoer (Defendant John Doe) in the instant legal action." *Id.* Day indicates that when he references to "WM" in his Complaint, this includes "all subsidiaries and affiliates, and gents, and servants, and co-conspirators, and employees." *Id.* at p. 2. He seeks compensatory damages in the amount of $180,000 and punitive damages in the amount of $300,000 against Wal-Mart. *Id.* at p. 11. He also seeks $200,000 in compensatory damages from John Doe, the individual who allegedly used Day's credit card in a

fraudulent manner. *Id.*

## II. LEGAL STANDARD

The Court is obligated to screen an IFP case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). The presence of subject matter jurisdiction is a threshold requirement that the court must determine even in the absence of a challenge from a party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

To establish diversity of citizenship, two requirements must be met: (1) the parties must be citizens of different states and (2) the amount in controversy must exceed $75,000 exclusive of costs and interest. 28 U.S.C. § 1332(a). Day indicates that he is a citizen of Florida and that Wal-Mart is a citizen of Arkansas. He maintains that there

3

is diversity of citizenship despite the fact that he has no information regarding the citizenship of the John Doe Defendant.

When a fictitious defendant is only nominal, their presence does not affect diversity jurisdiction. *Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 544 (8th Cir. 2015) (presence of nominal party or party who is not a real party in interest may be ignored for diversity purposes). The John Doe Defendant in this case cannot be considered a nominal defendant. "'The general rule . . . has been that, on challenge, the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action.'" *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 899 (8th Cir. 2015) (quoting 13F Charles Alan wright, et al., *Federal Practice & Procedure* § 3642 (3d ed. 2009)); *Lee v. Victor Techs. Int'l. Inc.*, No. 5:13-cv-05172, 2014 WL 12638872, at *2 (W.D. Ark. Jan. 21, 2014) (finding that the court cannot exercise diversity jurisdiction without the plaintiff establishing complete diversity, including the citizenship of John Doe defendants); *Eckert v. Lane*, 678 F. Supp. 773, 775 (W.D. Ark. 1988) (holding that the "naming of John Does as parties to an action causes federal courts not to have diversity jurisdiction unless it can be shown with some certainty that they are all residents of another state"). As the citizenship of the John Doe Defendant is unknown, Day has failed to establish the existence of diversity of citizenship.

Moreover, the Court believes that Day has failed to state facts sufficient to prove that there is more than $75,000 in controversy. The charge on Day's debit card was in the amount of $357.01, and Day disputed the charge the same day and was issued a new debit card. In assessing the amount in controversy, the court may "make

4

reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent" that the jurisdictional amount has been satisfied. Roe v. Michelin N.A., Inc., 613 F.3d 1058, 1062-63 (11th Cir. 2010) (internal quotations and citations omitted). Here, even if the Court were to interpret the facts in the Complaint as liberally as possible and give Day all benefit of the doubt, it is implausible that the amount in controversy would approach $75,000, let alone exceed it.

### IV. CONCLUSION

For the reasons stated, this Court lacks subject matter jurisdiction over this case. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**.

The IFP Motion (Doc. 4) and the Motion for a Temporary Restraining Order (Doc. 5) are **DENIED AS MOOT**.

**IT IS SO ORDERED** on this 16th day of June, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE